NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 8, 2011[*]
Decided December 8, 2011

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-2073

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 09-CR-32 |
| TIMOTHY BREWER, *Defendant-Appellant*. | Charles N. Clevert, Jr., *Chief Judge.* |

No. 11-2101

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:10cr24-001 |
| NATHANIEL BAXTER, *Defendant-Appellant*. | Joseph S. Van Bokkelen, *Judge.* |

---

[*]After examining the briefs and records, we have concluded that oral argument is unnecessary. Thus, these appeals are submitted on the briefs and records. *See* FED. R. APP. P. 34(a)(2)(C).

**O R D E R**

Timothy Brewer and Nathaniel Baxter each appeals his conviction and sentence. We have consolidated their appeals, which present the same issue.

Brewer pleaded guilty to distributing crack cocaine, 21 U.S.C. § 841(a)(1); the crime was committed in October 2008 and involved 26.8 grams of crack, and under the version of § 841 then in force, Brewer faced a prison term of at least 5 years, *id.* § 841(b)(1)(B)(iii) (2006). That is the sentence imposed by the district court.

Baxter was charged with possessing with intent to distribute crack in February 2010, *id.* § 841(a)(1). The government filed a recidivism enhancement, which raised the minimum prison term for this offense, involving 21.1 grams of crack, to 10 years. *See id.* §§ 841(b)(1)(B)(iii), 851 (2006). Baxter pleaded guilty, and the district court imposed the minimum sentence.

Both Brewer and Baxter bring these appeals to preserve their argument that the sentencing court should have applied the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a)(2), 124 Stat. 2372. If Brewer had committed his crime after that legislation was enacted on August 3, 2010, he would not have faced a mandatory minimum penalty. The same is true for Baxter. *Compare* 21 U.S.C. § 841(b)(1)(B)(iii) (2006 & Supp. IV 2010), *with id.* § 841(b)(1)(B)(iii) (2006).

As both men concede, however, we have concluded that the Fair Sentencing Act does not apply if the offense conduct occurred before the statute's enactment, even for defendants sentenced after that date. *United States v. Dorsey*, 635 F.3d 336, 340 (7th Cir. 2011), *cert. granted*, No. 11-5683, 2011 WL 3422126 (Nov. 28, 2011); *see also United States v. Campbell*, 659 F.3d 607, 609–10 (7th Cir. 2011); *United States v. Holcomb*, 657 F.3d 445, 452 (7th Cir. 2011). Accordingly, Brewer and Baxter were properly sentenced under the prior version of § 841(a)(1), and the judgment as to each defendant is AFFIRMED.